Stafford-D v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-058-CR
No. 10-92-059-CR

     DORIS STAFFORD,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Nos. 91-27591 & 91-27592
                                                                                                    

O P I N I O N
                                                                                                    

      The Appellant, Doris Stafford, was charged by two separate informations. In case number
10-92-058-CR she was charged with recklessly engaging in conduct that caused bodily injury to
Bethany Sonnier, a child younger than 15 years of age, by striking said child with an extension
cord. In case number 10-92-059-CR Appellant was charged with a like offense inflicted upon
Jessica Sonnier, a child younger than 15 years of age, by striking Jessica Sonnier with an
extension cord. See Art. 22.04, Texas Penal Code. Both offenses were alleged to have been
committed on or about May 11, 1991.
      The two cases were tried together before a jury which found Appellant guilty in each case and
which jury assessed the punishment at one year in the county jail and a $2,000 fine in each case.
      Appellant asserts one point of error as follows: The evidence is insufficient to find Appellant
guilty of injury to a child as alleged in the complaint in each case.
      When testing the sufficiency of the evidence, the evidence is viewed in the light most
favorable to the finder of fact, and the reviewing court must determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, (Tex.
Crim. App. 1989) 769 S.W.2d 234, 239. This standard of review is applicable in both direct
evidence and circumstantial evidence cases. Geesa v. State, (Tex. Crim. App. 1991) 820 S.W.2d
154. We have carefully reviewed the evidence and have determined that the evidence is sufficient
to support the conviction in each case. 
      Appellant was a foster parent having temporary custody of the four Sonnier sisters under a
written agreement with the agency called Children's Protective Services. Jessica Sonnier, one of
the injured children, was approximately five years old at the time of alleged offense. Bethany
Sonnier, the other injured child, was approximately three years and eight months of age at the time
of the alleged offense. The other two Sonnier sisters were Denise and Marie. The trial took place
in March 1992, about ten months after the alleged offenses.
      The four Sonnier sisters were taken from a home where their natural father had sexually
abused all of them. Appellant signed a written instrument with the Children's Protective Services
entitled "Discipline Policy" wherein Appellant, as a foster parent, was clearly forbidden to
physically discipline the foster children.
      Jessica Sonnier testified that Appellant hit her with an extension cord because (she said)
Appellant thought that she (Jessica) was "playing with herself." Marie Sonnier, who was six years
old at the time of the trial, testified that Appellant hit Bethany "on the butt" with a belt because
Bethany was playing in the flower bed; Marie further testified that Appellant hit Jessica "on the
butt" with an extension cord because she (Jessica) was "playing with herself." Marie further
testified that Appellant told her (Marie) not to tell Ms. Evelyn Peters (a case worker for Children's
Protective Services) that she had whipped the two girls. However, Marie did tell Evelyn Peters
about it.
      Evelyn Peters testified that on May 15, 1991, she examined Bethany and Jessica at the day
care center to determine the extent of the bruises; that the children were living with Appellant at
the time; that she questioned the girls as to the cause of the bruises; that both girls had "C" shaped
marks and bruises on the buttocks and thighs; and that Jessica told her "Big Mamma" (Appellant)
whipped her with an extension cord. Bethany told Mrs. Peters that she had been whipped by
Appellant with an extension cord for playing in the flower bed. Mrs. Peters further testified that
she talked to Marie Sonnier and, at first, Marie refused to talk to her about the whippings;
however, later after Marie and Mrs. Peters were out of the house, Marie told Mrs. Peters that
Appellant told her (Marie) that she had better not say anything about the bruises; then Marie told
Mrs. Peters that she (Marie) saw Appellant whip Jessica and Bethany with an extension cord; and
that Bethany was whipped for playing in the flower bed and Jessica was whipped for "playing with
herself." Bethany and Jessica told Mrs. Peters that they were afraid they would get another
spanking if they told who spanked them.
      Two photographs each of Bethany and Jessica, which were introduced in evidence, showed
"C" shaped whelps and bruises on the children's thighs and buttocks. Mrs. Peters testified that
these "C" type marks on the children were consistent with being beaten with an extension cord.
      Ms. Kimberly Ann Blake, a therapist with the Harris County Children's Protective Services,
was called in to make a thorough investigation of the whippings of Bethany and Jessica. Ms.
Blake testified to the looped marks and bruises on the two children. Both children told her that
they had been whipped by "Big Mamma," the Appellant. Mrs. Blake also testified that, in her
opinion, the children were telling her the truth.
      Three other witnesses, including Dr. Robert Mathis, testified to the "C" type lacerations on
Jessica and Bethany.
      Appellant testified and denied that she ever whipped the children with an extension cord, but
did admit to using a switch on them. She said the children's health was good on Sunday, May 12,
1991, except that the children were sneezing in church and had contracted bad colds; and that she
took them to a Dr. Arora the next day. Appellant testified that she had bathed the children on
Sunday, but she saw no bruises of any kind on them. Appellant said she kept the children out of
school the following Monday and Tuesday because of their colds; that she had been given a
prescription for the children; however, she never did have it filled because, she said, she did not
have the money. However, she was being paid $1,700 per month for the foster care of the four
Sonnier girls, but said she used this money to pay the taxes on her home.
      Appellant's main contention is that the informations charged her with "recklessly" causing
bodily injury to the two children, whereas, the State proved she "intentionally" caused the bodily
injury; and that there is no evidence to show that Appellant "recklessly" caused the bodily injury. 
We do not agree. We are of the opinion and hold that the evidence is sufficient to support
Appellant's conviction in each case and, accordingly, affirm the trial court's judgment in each
case.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings, 
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed May 5, 1993
Do not publish